LOBLAW, INC., Appellant, v DAVID A. WYLIE et al., Respondents.

Fourth Department, December 5, 1975

*Hodgson, Russ, Andrews, Woods & Goodyear (William H. Gardner* of counsel), for appellant.

*Mattar, Mattar, D'Agostino & Keefe (Thomas D'Agostino* of counsel), for respondents.

MAHONEY, J. In June, 1970 plaintiff commenced an action against Irving Levick, and against Seneca Inland Warehouses, Inc. and Seneca Warehouse & Industrial Center, Inc., corporations allegedly controlled by him, seeking recovery on various claims in the total amount of approximately $203,500, hereinafter called Action No. 1. While Action No. 1 was pending, plaintiff in December, 1971 commenced the instant action, hereinafter referred to as Action No. 2, against the named defendants herein, making specific reference to the pending Action No. 1 and seeking to set aside various transfers of property and interest therein made by defendants in Action No. 1 to respondents-defendants in this Action No. 2 as allegedly constituting a fraudulent conveyance prejudicial to plaintiff. Thereafter, in May 1973, prior to trial, plaintiff and defendants in Action No. 1 entered into a written settlement agreement of all claims embodied in said action for the sum of $125,000. The settlement agreement contained various de-

tailed and explicit provisions involving: confessions of judgment in the amount of $125,000 running from Action No. 1 defendants to plaintiff; mortgage and collateral assignment of various contractual rights wherein plaintiff acquired all contract rights with reference to certain transferred property, said property being the subject matter of this instant Action No. 2; UCC-1 financing statement; exchange of general releases; a limited guarantee agreement of the individual defendants in Action No. 1; and stipulation of discontinuance on the merits of Action No. 1.

Significant to the issues on this appeal, the settlement agreement specifically provided, *inter alia,* that plaintiff reserved all rights to proceed in pending Action No. 2; and limited the payment obligations under the confessions of judgment of defendants in Action No. 1 to one indebtedness of $125,000 and to specified installment payments, with provision for crediting to payment of said judgments all amounts collected and recovered by plaintiff against defendants in Action No. 2.

The amended complaint in Action No. 2, asserting seven causes of action, alleged that defendants in Action No. 1 are jointly and severally indebted to plaintiff in the amount of $125,000. Plaintiff also alleges that on or about March 21, 1971 Action No. 1 defendants transferred or conveyed all their interest in certain property to Action No. 2 individual defendants, David A. Wylie and Joseph Lesser, with subsequent assignment of such interest by Wylie and Lesser to corporate defendant, J. L. D. W. Enterprises, Inc., said property having the alleged value of $15,000,000. The first cause of action sought to set aside such transfer of property and assignment of interest on the ground that it was made without fair consideration, rendering Action No. 1 defendants insolvent, as provided by section 273 of the Debtor and Creditor Law. The second cause of action alleges that the transfer was made with actual intent to hinder and delay creditors, as proscribed by section 276 of the Debtor and Creditor Law. The third cause of action alleged constructive knowledge of the fraudulent nature of the transfer as an alternative to actual knowledge alleged in the first cause of action; and the fourth cause of action also alleged constructive knowledge of intent to hinder and delay as an alternative to actual knowledge alleged in the second cause of action. The fifth through seventh causes of action rely on theories of third-party beneficiary contract and

breach of fiduciary duty. By way of relief, plaintiff's amended complaint sought judgment setting aside the transfers as a fraud on creditors, legal fees and expenses, with $125,000 money damages demanded.

Prior to joinder of issue, defendants-respondents moved, pursuant to CPLR 3211, for dismissal of the amended complaint for failure to state a cause of action, and, on the ground that any action therein stated was barred by "release and accord and satisfaction". In opposition to said motion, plaintiff moved for permission to further amend its amended complaint by addition of a new paragraph "7-a", specifically alleging that the date of the underlying indebtedness of defendants in Action No. 1, upon which money damage recovery and alternate relief sought in Action No. 2 is predicated, preceded the alleged fraudulent transfers.

Special Term, in granting defendants-respondents' motion of dismissal, inferentially took into consideration the proposed allegations contained in plaintiff's proffered new paragraph 7-a. Notwithstanding, Special Term concluded that the amended complaint, even including the allegations contained in the proposed paragraph 7-a, failed to state a cause of action and, further, that any cause of action which might have been stated had been settled and discontinued by agreement of the plaintiff and defendants in Action No. 1, foreclosing assertion against defendants-respondents in this action. Such determination, premised on either ground, cannot be sustained.

The causes of action alleged in the amended complaint, together with plaintiff's proposed additional paragraph 7-a, clearly assert the basic elements of a fraudulent conveyance claim, namely, allegations of: status of plaintiff as creditor of transferors (Debtor and Creditor Law, §§ 270, 278, 279); the existence of a "debt" (Debtor and Creditor Law, § 270) antecedent to the transfer; the allegation of a conveyance (Debtor and Creditor Law, § 273); the allegation that the conveyance was made at a time of insolvency on the part of the transferors (Debtor and Creditor Law, § 273); the allegation of the absence of fair consideration for the transfer (Debtor and Creditor Law, § 272); and intent to defraud (Debtor and Creditor Law, § 276); with factual allegations supporting relief, on the basis of a fraudulent transfer by Action No. 1 defendants, in a pending action (Debtor and Creditor Law, § 273-a). Dismissal, based on failure to state a cause of action, was, therefore, not warranted.

Nor can Special Term's dismissal, based upon the settlement agreement in Action No. 1, be sustained as constituting either a barring compromise and settlement or an accord and satisfaction of the predicate indebtedness due plaintiff. An "accord and satisfaction" has been defined in *Reilly v Barrett* (220 NY 170, 172–173), as: "An agreement whereby one party undertakes to give or perform, and the other to accept in settlement of an existing or matured claim something other than what he believes himself entitled to, is an accord. *The execution of such an agreement is a satisfaction.*" (Emphasis added.)

Thus, an accord, when followed by a satisfaction, is a bar to the assertion of the original claim; however, unless so followed by a satisfaction, it has no effect (1 NY Jur., Accord and Satisfaction, § 1; *Reilly v Barrett, supra; Plant City Steel Corp. v National Mach. Exch.,* 23 NY2d 472; *Goldbard v Empire State Mut. Life Ins. Co.,* 5 AD2d 230). So, too, a compromise and settlement agreement, closely related to an accord and satisfaction, is not effective as an accord and satisfaction until fully executed *(Rubin v Siegel,* 181 App Div 181).

The fundamental rule in the interpretation of contracts is to ascertain the substantial intent of the parties *(Madawick Contr. Co. v Travelers Ins. Co.,* 307 NY 111, 119). Where the intention of the parties may be gathered from the four corners of the instrument, interpretation is a question of law *(West, Weir & Bartel v Carter Paint Co.,* 25 NY2d 535).

Addressing attention to the settlement agreement herein reached in Action No. 1, it is clear that the parties looked toward payment of $125,000, plus interest, as the satisfaction. It is obvious from the various contingency provisions therein contained and specific reservation of plaintiff's right to pursue its pending action against defendants in Action No. 2, that said settlement agreement, while constituting a compromise and settlement of the disputed claim in Action No. 1, did not in itself constitute an accord and satisfaction. Rather, it was executory in nature and "merely an agreement to accept performance, *in futuro,* as future satisfaction of the old agreement or dispute" *(Goldbard v Empire State Ins. Co., supra,* p 233). Therefore, it cannot be said that the instant action is barred by Action No. 1 settlement agreement since plaintiff has not been paid the amount settled upon to discharge the predicate indebtedness that preceded the transfer here attacked in Action No. 2.

The judgment should be reversed and plaintiff permitted further amendment of the complaint if so advised.

CARDAMONE, J. P., SIMONS and WITMER, JJ., concur.

Judgment unanimously reversed with costs without prejudice for further amendment of the complaint if the plaintiff is so advised.