**Joel S. KORBY, Plaintiff,**

v.

**Ericka V. ERICKSON, Defendant.**

**No. 82 Civ. 4607.**

United States District Court,
S.D. New York.

April 14, 1983.

Stein, Zauderer, Ellenhorn, Friedman & Kaplan, New York City, for plaintiff; David N. Ellenhorn, Harry Frischer, New York City, of counsel.

Raoul Lionel Felder, P.C., New York City, for defendant.

## OPINION FINDINGS OF FACT AND CONCLUSIONS OF LAW

EDWARD WEINFELD, District Judge.

In this diversity action instituted by Joel S. Korby against the defendant, Ericka V. Erickson, the plaintiff seeks a declaratory judgment that he is entitled to the entire proceeds of the sale of shares which evidenced ownership of a cooperative apartment at 860 Fifth Avenue, New York City ("Fifth Avenue apartment") which were issued in December 1977 as follows: "Joel S. Korby and Ericka V. Erickson Korby as joint tenants with right of survivorship." The plaintiff contends that the sole consideration for the inclusion of the defendant's name in the certificate was a contemplated marriage, which did not occur.  He relies upon section 80–b of the New York Civil Rights Law,[1] upheld in *Gaden v. Gaden*,[2] which in pertinent part authorizes recovery of money or property "when the sole consideration for the transfer of the . . . money or securities . . . was a contemplated marriage which has not occurred." The defendant denies that she and the plaintiff ever contemplated marriage.  She contends that the shares were purchased under an express agreement whereby, in addition to the continuance of an existing intimate relationship with plaintiff, they engaged in a joint

---

1. The parties agree that New York law applies.

2. 29 N.Y.2d 80, 323 N.Y.S.2d 955, 272 N.E.2d 471 (1971).

investment program involving services by her and under which she was entitled to an equal interest in the shares and the proceeds of their sale. She asserts other counterclaims that under their agreement she was entitled to a half interest in the plaintiff's earnings and capital gains derived from other properties owned by him during their relationship and seeks an accounting. Under New York law, an express oral contract entered into between unmarried couples living together is enforceable.[3]

The evidence upon the trial established that the plaintiff and the defendant in late 1975, when each was free to marry, entered into a sexual relationship without the benefit of matrimony and lived together at her apartment at 530 Park Avenue, New York City ("Park Avenue"). In December 1977 the Fifth Avenue apartment was purchased and the shares of stock as described above were acquired. The purchase price, including its furnishings, was $108,500, the bulk of which was provided by plaintiff, as was the cost of extensive repairs amounting to $65,000. The apartment was sold on July 15, 1982 for $530,000, and after deduction of various expenses in connection with the sale, a net sum of $495,843.41 remains. Both plaintiff and the defendant executed the necessary documents to consummate the sale of the apartment. Following a dispute as to the disposition of the proceeds, the moneys were placed in escrow pending the determination of this action.

The plaintiff testified that sometime in 1976 soon after he and the defendant entered upon their relationship and while he was living with her at Park Avenue, he repeatedly thereafter discussed marriage with the defendant; that she agreed to marry him; and that the Fifth Avenue apartment was bought in contemplation of their proposed marriage, which was the reason the defendant was listed as a joint tenant in the certificate.

The defendant emphatically denied that plaintiff ever asked her to marry him; that they ever discussed marriage; that she agreed to marry plaintiff or that the Fifth

Avenue apartment was purchased in contemplation of marriage with the prospect of having children. To the contrary, she testified it was purchased under an agreement whereby she would subordinate her career as a television actress, continue their existing relationship and engage in a joint investment program to acquire a cooperative apartment, the plaintiff to provide most of the required capital and she to render services to improve, renovate and decorate it with the prospect of considerably enhancing its value and to sell it for a profit with the proceeds to be divided equally. The defendant testified that their agreement also extended to all income and capital gains derived from plaintiff's business enterprises, including a company that manufactured children's schoolbags, a discotheque, as well as the income from his investments, principally municipal tax exempt securities.

About the only matter the parties were in agreement is that the Fifth Avenue apartment when acquired was a "wreck," uninhabitable and required considerable time and effort to restore it to a liveable condition. In May 1980, about six months after the apartment was acquired, plaintiff and defendant had a dispute which seemingly terminated their relationship. He contended the argument was because he was skeptical that the defendant would keep her promise to marry him. She testified that it was because plaintiff told her he was leaving her for another woman. Whatever the reason, it did not terminate their relationship entirely. When the Fifth Avenue apartment became habitable, beginning about September 1980, she lived there fairly regularly and until the end of the year plaintiff paid all the maintenance charges; however, beginning in January 1981 she paid substantially half of these charges until the apartment was sold in July, 1982. Until the sale, plaintiff lived with her there at least once a week; usually over weekends he stayed there alone. During this period she held on to her leased Park Avenue apartment.

3. *Morone v. Morone,* 50 N.Y.2d 481, 429 N.Y. S.2d 582, 413 N.E.2d 1154 (1980).

The plaintiff, of course, has the burden of proof to establish by a fair preponderance of the evidence his claim that the certificate evidencing ownership of the apartment as joint tenants was issued solely in contemplation of marriage. Upon the totality of the evidence, and based upon the demeanor of the parties, I find that plaintiff has failed to sustain his burden of proof. His testimony as to repeated, constant and almost daily references to marriage and his parroting of the statutory language "in contemplation of marriage" was far from persuasive and indeed is inconsistent with other evidence. His way of life with other females at the very time he lived with the defendant, as admitted by him, the details of which need not be repeated here, as well as the parties' own conduct over the period of his relationship, requires rejection of his claim that it was in contemplation of marriage that the defendant's name was included on the shares for the Fifth Avenue apartment. The fact that defendant is described in documents by plaintiff's surname or that when they travelled she was referred to as "Mrs. Korby," in the light of all the circumstances, is not of significant import. The evidence makes it clear that unless they posed as husband and wife they would not have been acceptable in the cooperative Fifth Avenue apartment house and that the use of "Mr. and Mrs." when travelling made hotel accommodations easier to obtain and avoided costlier charges.

While plaintiff's failure to sustain his burden of proof by itself is sufficient to warrant judgment in favor of the defendant on his claim, other evidence supports her counterclaim to one-half ownership in the shares. The Court finds that not only did the parties never contemplate marriage, but that under their express agreement the Fifth Avenue apartment was bought as a joint investment with plaintiff to put up the necessary funds and she to render whatever services were required to increase the saleability of the apartment, which in fact was realized at great profit through the efforts of the defendant. She played an active role in finding the apartment and following its acquisition in its redecoration and refurnishing; she devoted practically all her time to put it in shape to procure the ultimate purchase price. The fact already noted is that she held on to her apartment at Park Avenue while devoting her efforts in renovating and restoring the Fifth Avenue apartment to a saleable condition. The Court finds that the defendant has sustained her claim that she was a joint owner with the plaintiff of the Fifth Avenue apartment as evidenced by the certificate and she is entitled to one half of the sale net proceeds of $495,843.41. Moreover, entirely apart from the foregoing, the evidence is sufficient to support a finding that plaintiff made an outright gift of a fifty per cent interest in the apartment without any condition of any kind.

Additionally, the Court finds that plaintiff signed the contract of sale of the apartment upon plaintiff's express representation that she would receive her share of the proceeds. Although plaintiff was entitled to an equal division of the proceeds upon a sale, when the contract of sale with the purchaser was entered into, plaintiff and defendant mutually agreed upon a distribution whereby she would receive $232,500 and plaintiff $297,500, as well as certain furniture and antiques. However plaintiff, contrary to that modification, reneged and asserted his claim to all the proceeds. His breach of that modification and failure to satisfy its terms entitles the defendant to receive what she was entitled to by reason of the joint ownership of the apartment, to wit, $247,921.71 plus accumulated interest as earned in the escrow account. Whether the modification agreed upon be described as an accord and satisfaction or, what is closely related thereto, a compromise and settlement,[4] it was never effective since the accord was never satisfied.[5]

4. See American Bank & Trust Co. v. Koplik, 87 A.D.2d 351, 451 N.Y.S.2d 426 (1st Dep't 1982).

5. N.Y.Gen.Oblig.L. § 15–501(3) (McKinney 1976); Plant City Steel Corp. v. National Machinery Exchange, Inc., 23 N.Y.2d 472, 477, 297 N.Y.S.2d 559, 562 (1969); Loblaw, Inc. v. Wy-

As to defendant's other counterclaims, the Court finds that she has not sustained her burden of proof and she is not entitled to share in the income or capital gains of his other enterprises.

The foregoing shall constitute the Court's Findings of Fact and Conclusions of Law.

Judgment may be entered accordingly.

*lie,* 50 A.D.2d 4, 375 N.Y.S.2d 706, 710 (4th     Dep't 1975).