BECONTA, INC., a New York corporation, Plaintiff,

v.

Raymond SCHNEIDER, Philip Schneider, Mildred Schneider, Sam Schneider, Freida Schneider, Irving Schneider, jointly and severally, et al., Defendants.

No. 83–CV–3792–DT.

United States District Court, E.D. Michigan, S.D.

July 13, 1984.

Kenneth F. Kahn, Kahn & Kahn, Detroit, Mich., for plaintiff.

A. Bart Lewis, Birmingham, Mich., for Raymond, Irving, Sam, and Freida Schneider.

Neil H. Goodman, Clark, Hardy, Lewis, Pollard & Page, P.C., Birmingham, Mich., for Philip and Mildred Schneider.

## MEMORANDUM OPINION AND ORDER

FEIKENS, Chief Judge.

Plaintiff seeks summary judgment against defendants in the amount that defendants guaranteed for the corporate debts of the obligor. Defendants argue that the guaranty has been discharged and that plaintiff's motion should therefore be denied. For reasons stated herein, I find that plaintiff is entitled to summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## I. BACKGROUND

Defendants entered into a Guaranty Agreement with plaintiff, Beconta, Inc. ("Beconta"), in December, 1977. The Agreement provided that defendants would guaranty the corporate debts of the obligor, Schneider's Sport Shop, Inc. ("Shop"), up to the amount of $25,000.00.

In 1981, the Shop filed for a Chapter 11 arrangement under the Bankruptcy Act, 11 U.S.C. § 1101 *et seq.* The Bankruptcy Judge subsequently confirmed a Plan of Reorganization which enabled Beconta to choose one of three payment formulas. Beconta chose payment formula one, which provided for a thirty percent payment of Beconta's allowable claim against the Shop to be made in full satisfaction of the Shop's debt. Pursuant to this payment formula, the Shop paid $13,937.40 to Beconta, and

the remainder of the original debt, $34,-541.26, remained unpaid. Beconta now seeks judgment against the guarantors for the unpaid portion of the original debt, up to the $25,000.00 limit of their guaranty.

## II. DISCUSSION

■ The discharge of a principal obligor's debt in bankruptcy does not discharge the obligations of guarantors. 11 U.S.C. § 524(e).[1] *See Union Carbide Corp. v. Newboles,* 686 F.2d 593 (7th Cir. 1982); *R.I.D.C. Indus. Dev. Fund v. Snyder,* 539 F.2d 487 (5th Cir.1976), *cert. denied,* 429 U.S. 1095, 97 S.Ct. 1112, 51 L.Ed.2d 542 (1977); *United States v. Kurtz,* 525 F.Supp. 734, 742 (E.D.Pa.1981), *cert. denied,* 459 U.S. 991, 103 S.Ct. 347, 74 L.Ed.2d 387 (1982). In *Newboles, supra,* the defendants guaranteed a promissory note executed by the debtor to the creditor. The debtor defaulted, and the creditor sued the debtor to recover the balance owing on the note. The debtor then reorganized in a Chapter 11 proceeding. The creditor did not receive the full amount of the original debt in the bankruptcy proceeding, and the court found that the guarantors were liable for the unpaid portion of the original debt. The court reasoned:

A bankruptcy discharge arises by operation of federal bankruptcy law, not by contractual consent of the creditors.... A creditor's approval of the plan cannot be deemed an act of assent having significance beyond the confines of the bankruptcy proceedings.... The import of Section 16 [currently rewritten and reenacted at 11 U.S.C. § 524(e)] is that the mechanics of administering the federal bankruptcy laws, no matter how suggestive, do not operate as a private contract

to relieve co-debtors of the bankrupt of their liabilities.

686 F.2d at 595 (citations omitted).

In *Snyder, supra,* a similar factual situation arose. The defendants guaranteed two promissory notes executed by the debtor to the creditor. The debtor reorganized in a Chapter 11 proceeding and paid the creditor a portion of the original debt in full satisfaction thereof. The creditor subsequently sued the guarantor for the unsatisfied portion of the original debt. The court held that the guarantors' obligations were not discharged, and stated:

The bankruptcy court can only affect the relationships of debtors and creditor. It has no power to affect the obligations of guarantors.

539 F.2d at 490 n. 3.

■ In the instant case, the Bankruptcy Court also had no power to affect the obligations of the guarantors. In fact, even the Plan of Reorganization stated that payment from the Shop to its creditors would not discharge the guarantors' obligations.[2] Thus, although the thirty percent payment discharged the Shop's obligations under the Reorganization Plan, the payment did not discharge the liability of defendants for their $25,000.00 guaranty.

Defendants nevertheless argue that their guaranty has been discharged, based upon certain language in the Guaranty Agreement. They rely on a portion of the Agreement which states:

The Creditor may at any time ... without the consent of, or notice to, the undersigned [guarantors], without incurring responsibility to the undersigned [guarantors], without impairing or releasing the obligations of the undersigned [guarantors] hereunder ...

1. This provision states:
   Except as provided in subsection (a)(3) of this section, discharge of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt.
   11 U.S.C. § 524(e).

2. The applicable clause of the Plan states:

All rights of said unsecured creditors shall be modified and altered accordingly by confirmation of the Plan as provided above and said payments shall constitute full settlement, satisfaction and discharge of all claims of creditors against the Debtor, its officers, directors and stockholders, *except as to holders of guarantees.*
Plan of Reorganization at p. 5 (emphasis added).

(1) change the manner, place or terms of payment, and/or ... renew or alter, any liability of the Obligor ... and the guaranty herein made shall apply to the liabilities of the Obligor as so ... altered.

Based upon this provision, defendants argue that when Beconta accepted thirty percent from the Shop, Beconta "altered" the Shop's liability to thirty percent of the original debt. They further contend that when the Shop's liability was altered to thirty percent, the guaranty was also altered to thirty percent. Finally, defendants argue that since the Shop has already paid the thirty percent to Beconta, there is no remaining liability to which the guaranty could apply.

I find defendants' argument unavailing for several reasons. First, the above-quoted provision specifically provides that the creditor may alter the liability of the obligor "without impairing or releasing the obligations of the undersigned [guarantors] hereunder." This language does not indicate that the parties intended to reduce the guarantors' obligations when Beconta accepted the thirty percent payment from the Shop.[3] Rather, it indicates that even if Beconta altered the Shop's liability to thirty percent, the obligations of the guarantors would not be released or impaired.

Other language in the Guaranty Agreement also indicates that the parties did not intend the Shop's payment to Beconta to discharge the guarantors' liability. Subsection four of the Agreement provides that the creditor may "settle or compromise any liability hereby guaranteed" without releasing or impairing the obligations of the guarantors. Beconta's acceptance of the thirty percent in full satisfaction of the Shop's original debt is a "compromise" of the Shop's original liability. Under the terms of the Agreement, this compromise does not discharge the obligations of the guarantors.

Finally, the purpose underlying guaranty agreements suggests that defendants' guaranty should not be discharged in this case. As the court stated in *Snyder*, 539 F.2d at 491, "One of the principal purposes for obtaining a guarantor to a note is to provide an alternative source of repayment in the event that the principal obligor's debt is discharged in bankruptcy." *See Kurtz*, 525 F.Supp. at 742. The Guaranty Agreement in this case provided Beconta with an alternative source of repayment in the event that the Shop's debt was discharged in bankruptcy, and this Court should give Beconta the protection for which it bargained.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for summary judgment shall be, and hereby is, GRANTED.

---

**3.** The Guaranty Agreement provided that it should be governed by New York law. New York law is clear that courts should interpret contracts in accordance with the parties' intent. *Loblaw, Inc. v. Wylie,* 50 A.D.2d 4, 375 N.Y.S.2d 706 (1975). Additionally, where a court can ascertain the parties' intent from the four corners of the instrument, the interpretation is a question of law. *West, Weir & Bartel, Inc. v. Mary Carter Paint Co.,* 25 N.Y.2d 535, 307 N.Y.S.2d 449, 255 N.E.2d 709 (N.Y.1969); *Loblaw,* 375 N.Y.S.2d at 710.