BAILEY ALDRICH, Senior Circuit Judge.
 

 Plaintiff United States, through its agent, the National Marine Fisheries Service, in 1979 loaned a sum of money to Atcorp I, Inc., hereinafter the debtor or obligor. Plaintiff received a note in the principal amount of the loan, with a stated rate of interest. It also, as consideration for making the loan, received personal guarantee agreements from defendants herein, the debtor’s principal officers. In August 1981 the debtor filed a Chapter 11 bankruptcy reorganization proceeding. Thereafter the fishing vessel, its principal asset, sank. The note, and accrued interest except for certain post filing interest, was ultimately paid from the hull insurance proceeds.
 
 [1]
 
 Plaintiff sues defendants for the interest unpaid. The facts being agreed upon, both sides moved for summary judgment. The district court held for plaintiff, and defendants appeal. We affirm.
 

 It might not surprise even a legally uninformed person who lent money on a note to learn that interest might no longer accrue after the debtor filed in bankruptcy, even though the note called for interest until the principal was paid. This is, in fact, the law. 11 U.S.C. § 502(b)(2). He might be surprised, however, to learn that one of the
 
 *54
 
 reasons given is that interest is a “penalty” for non-payment of the principal, and that there should not be a penalty when, by law, a bankrupt is forbidden to make payments.
 
 Vanston v. Green,
 
 329 U.S. 156, 163, 67 S.Ct. 237, 240, 91 L.Ed. 162 (1946). He would have wondered why interest was regarded as consideration for the loan, and did not become a penalty when the debtor’s lack of assets prevented payment, but did become such when the lack of assets served as a basis for a petition in bankruptcy. He might wonder even more when, as here, guarantors used the penalty reasoning to assert that “it is unjust to make ... guarantors pay a penalty for a detention of funds for which they are not to blame.” Guarantors are never to “blame” for the, debtor’s lack of assets. Their liability is a matter of contract, not fault. Nor did the bankruptcy court forbid them to pay.
 

 Apart from alleged “unjustness,” defendants advance two arguments why they should not be liable. The first is that as the bankruptcy filing terminated the debt- or’s obligation for future interest, and the guarantors only undertook to guarantee the debtor’s obligations, there had been no default. For this they cite
 
 Salitan v. Magnus,
 
 62 N.J.Super. 323, 162 A.2d 883 (1960). It is not at all clear that
 
 Salitan
 
 goes that far.
 
 See
 
 162 A.2d at 889-91. The debtor’s obligation is not unconditionally terminated; claims for post filing interest may sometimes be recognized if secured. 11 U.S.C. § 506(b);
 
 cf. Vanston v. Green,
 
 329 U.S., ante, at 164, 67 S.Ct. 237 at 240, 91 L.Ed. 162.
 
 In re Boston and Maine Corp.,
 
 719 F.2d 493, 496 (1st Cir.1983),
 
 cert. denied,
 
 — U.S. -, 104 S.Ct. 1913, 80 L.Ed.2d 461 (1984). But even if we accept defendants’ contention that a-simple guaranty is coextensive with the debtor’s ultimate obligation, theirs was not a simple guaranty. Their agreement guaranteed payment in accordance with the note’s original terms regardless of future events.
 

 In addition to the general provision guaranteeing the obligor’s performance (¶ 2), the guaranty contained further provisions.
 

 3. The obligations, covenants, agreements and duties of the Guarantor under this Guaranty Agreement shall in no way be affected or impaired by ...
 

 (c) the modification or amendment (whether material or otherwise) of any of the obligations of the Obligor ...
 

 (f) the voluntary or involuntary ... bankruptcy, assignment for the benefit of creditors, reorganization ... or other similar proceedings affecting, the Obligor or any of its assets; and
 

 (g) the release of the Obligor ... from the performance or observance of any of the agreements, covenants, terms or condition contained in ... such instrument(s) by the operation of law.
 

 We have quoted more than is necessary in order to show the general breadth of defendants’ undertaking. Nothing, however, could be more specific than the provisions of paragraph 3(g). One of the debtor’s agreements was that interest was due until the principal was paid. While “the operation of law” relieved the debtor-obligor, the guaranty agreement expressly provided that it did not release the guarantors.
 

 Defendants say that this undertaking, and the consequences, are, and would be, contrary to the provision of the bankruptcy act designed to prevent depletion of the funds available for other creditors by the payment of post-filing interest, for, if plaintiff recovers from defendants, defendants will claim over against the bankrupt estate. Thus there would be accomplished indirectly what cannot be accomplished directly. This contention is a perfect example of assuming the point. Nor does it wash. The debtor did not agree to repay the guarantors; it was not even a party to the guaranty agreement. A guarantor recovers from an obligor simply as a matter of being subrogated to the creditor’s claim. In this case, quite apart from the fact that defendants’ claim against the obligor would not arise until after bankruptcy, plaintiff, as defendants themselves vigorously assert, has no claim against the debtor for the post filing interest. Hence, when the
 
 *55
 
 guarantors paid such, there would be nothing for them to be subrogated to, and the bankruptcy proceedings could not be affected.
 

 In sum, defendants promised that plaintiff would be paid in accordance with the terms of the note, “in no way ... affected or impaired by ... bankruptcy ... [or] by the operation of law.” They are liable on their contract, even though, because of bankruptcy, the debtor itself was relieved. Even if this were a matter of equity, which it is not, we see no reason why they should not be liable.
 
 Cf.
 
 11 U.S.C. § 524(e);
 
 Salitan v. Magnus,
 
 ante, 62 N.J.Super. 323, 162 A.2d at 887.
 

 Affirmed.
 

 [1]
 

 . A Bankruptcy panel refused to charge post filing interest accruing subsequent to the sinking against the insurance.
 
 Atcorp I, Inc. and Atcorp II, Inc. v. National Marine Fisheries Service,
 
 25 B.R. 340 (Bankr, 1st Cir.1982). Although defendants were not parties to that proceeding, they contend that this decision collaterally estops plaintiff from claiming further post filing interest from anyone. The decision had no such reach.