Lawrence E. NAUMAN, also known as Lawrence Nauman, Jr., and Ethel E. Nauman, also known as Ethel Nauman; and Sunrise Construction Company, a partnership comprised of Lawrence E. Nauman and Ethel E. Nauman, Appellants (Defendants),

v.

The CIT GROUP/EQUIPMENT FINANCING, INC., formerly known as C.I.T. Corporation, a New York corporation, Appellee (Plaintiff).

No. 90–296.

Supreme Court of Wyoming.

Aug. 29, 1991.

Georg Jensen, Cheyenne, and Noel S. Hyde of Nielsen & Senior, Salt Lake City, Utah, for appellants.

Donn J. McCall and Buckner C. Gwyn of Brown & Drew, Casper, for appellee.

Before THOMAS, CARDINE, MACY, and GOLDEN, JJ., and HAMM, District Judge (Retired).

## OPINION

MACY, Justice.

This is an appeal from a summary judgment granting Appellee CIT Group/Equipment Financing, Inc. a money judgment against Appellants Lawrence E. Nauman and Ethel E. Nauman as guarantors of a loan to their construction company, Sunrise Construction Company.

We affirm.

As the district court stated, the dispositive issue is:

[W]hether or not a creditor, who has made an election for [a] reduced, shorter-term payment in a corporate Chapter 11 reorganization, can then hold a personal guarantor liable for the original amount of the debt or any outstanding portion thereof.

The Naumans incorporated the factual statement contained in the district court's decision letter into their brief and relied

upon it as being accurate.[1] That statement set out the following facts. In May of 1982, CIT and Sunrise Construction executed a promissory note in the amount of $2,737,693.26 and a "Restated Loan & Security Agreement." The agreement provided for the restructuring of Sunrise Construction's indebtedness to CIT. The Naumans, directors and sole shareholders of Sunrise Construction, also signed a personal guaranty of Sunrise Construction's obligations to CIT, secured by a mortgage on property in Sweetwater County.

About one year later, Sunrise Construction filed a petition for voluntary bankruptcy pursuant to chapter 11 of the United States bankruptcy code. Under Sunrise Construction's proposed plan, CIT's claims were classified as a Class I unsecured claim and a Class VI secured claim. The plan included an accelerated payment election for Class I creditors, under which a creditor could opt for a thirty percent reduction in payment over a shorter period of time. CIT objected to the plan and requested a chapter 7 liquidation. CIT wrote to the Naumans and Sunrise Construction declaring the note was in default and demanding payment in the amount of $1,054,-964.41 (the entire unpaid principal balance), plus attorney's fees. CIT also warned that legal action would be taken on the guaranty securing the collateral if payment was not made. In response, Sunrise Construction requested a "cram down" of the reorganization plan. The plan was confirmed by an order of the bankruptcy court, and CIT filed its Class I election for an accelerated payment.

In 1989, CIT filed a complaint against the Naumans and Sunrise Construction praying for a judgment in the amount of $646,-750.99 on the May 1982 agreement, note, and guaranty. The Naumans and Sunrise Construction answered and advanced seven affirmative defenses, including waiver, discharge by accord and satisfaction, discharge by material modification, duress, promissory estoppel, breach of fiduciary duty, and breach of the implied covenant of good faith and fair dealing. In addition, they counterclaimed for damages on the theories of negligent misrepresentation, constructive fraud, and breach of the implied covenant of good faith and fair dealing. CIT generally denied all of the Naumans' claims. The district court granted a summary judgment in favor of CIT and denied the Naumans' motion for a summary judgment.

■ The Naumans argue that CIT voluntarily agreed to accept the accelerated payment and, therefore, should not be permitted to recover on the guaranty. We agree with the district court's determination that CIT's voluntary election to accept an accelerated payment of its unsecured claims under the chapter 11 plan does not dispose of the issue on appeal. Under the plan, CIT's interests were impaired because its repayment rights established in the promissory note and the "Restated Loan & Security Agreement" were altered. *See* 11 U.S.C. § 1124 (1988). CIT elected to accept the accelerated payment after it objected to the proposed plan and after the bankruptcy court utilized the "cram down" provision of 11 U.S.C. § 1129 (1988). Under the "cram down" provision, a dissenting claimant is forced to accept the reorganization plan so long as the minimum standards provided in the statutes are met. J. Anderson, Chapter 11 Reorganizations § 14.04 (1983); 9B Am. Jur.2d, *Bankruptcy* §§ 2485–2488 (1991). The fact that CIT voluntarily elected to accept an accelerated payment does not determine whether the Naumans' liability as guarantors survived the confirmation of the bankruptcy plan. That issue is resolved by the terms of the guaranty and the bankruptcy code.

■ The Naumans present two additional arguments supporting the proposition that their obligations as guarantors have been released. First, they contend

---

**1.** Such an inclusion of facts by reference does not comply with the Wyoming Rules of Appellate Procedure because it does not contain page references to the record on appeal as is required by W.R.A.P. 5.01(3). We have repeatedly warned appellate counsel that adherence to this rule is required and that failure to comply may be fatal to an appeal. *Kost v. Thatch,* 782 P.2d 230 (Wyo.1989). Due to the diminutive record, we will not dismiss this appeal.

that 11 U.S.C. § 524(e) (1988), which provides that "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt," has no application because they were not discharged from any debt by the reorganization plan. Second, the Naumans argue that a guarantor is discharged from his obligation if there is a material change in the obligation unless the guarantor consents to the change. *Western Bank v. Aqua Leisure, Ltd.*, 105 N.M. 756, 737 P.2d 537 (1987). The Naumans assert that this principle inures to their benefit because allowing CIT to compromise its claim against Sunrise Construction (resulting in a material change to their obligation as guarantors), while at the same time leaving them without recourse against Sunrise Construction, produces a grave inequity. The Naumans dispute that they received any benefit from the compromise because that benefit went to Sunrise Construction and not to them personally.

We begin our analysis of the Naumans' arguments by recognizing that the effect of a confirmation of a reorganization plan is spelled out in 11 U.S.C. § 1141 (1988). The effect of a discharge is governed by the provisions of 11 U.S.C. § 524 (1988). *See* J. Anderson, *supra* at § 1.07. That section applies to chapter 11 cases. 11 U.S.C. § 103 (1988). Despite the Naumans' contention that the plan did not "discharge" them from any debts, the effect of a confirmation of the reorganization plan was to accomplish a discharge. 11 U.S.C. § 1141; J. Anderson, *supra* at § 15.02 (1983 & Supp.1991). 11 U.S.C. § 524(e) states that a guarantor is liable under his contract, even though a bankruptcy relieves the debtor of its obligation. *Underhill v. Royal*, 769 F.2d 1426 (9th Cir.1985); *United States v. Bruno*, 747 F.2d 53 (1st Cir.1984); *Beconta, Inc. v. Schneider*, 41 B.R. 878 (Mich.1984). *See also Hayes v. American National Bank of Powell*, 784 P.2d 599 (Wyo.1989). A bankruptcy court has no power to discharge the liabilities of a bankrupt's guarantor, even if the creditors consent as part of the reorganization plan. *Underhill*, 769 F.2d at 1432.

While the Naumans also argue that the result of this case is unfair and inequitable,

the guaranty itself provides dispositive authority for upholding the guaranty obligation. That document states:

[CIT] may at any time and from time to time, without our consent, without notice to us and without affecting or impairing the obligation of any of us hereunder, do any of the following: * * * (b) accept partial payments of said obligations; (c) settle, release (by operation of law or otherwise), compound, compromise, collect or liquidate any of said obligations and the security therefor in any manner * * *.

By the very terms of the contract into which the Naumans voluntarily entered, there can be no inequity in the requirement that they remain obligated on their unconditional guaranty. The First Circuit Court in *Bruno*, 747 F.2d at 55, stated with regard to a similar argument, "Even if this were a matter of equity, which it is not, we see no reason why [the guarantors] should not be liable."

We hold that, despite the chapter 11 reorganization and CIT's election to accept an accelerated payment of its unsecured claims, the Naumans remain liable on their unconditional guaranty of CIT's loans to Sunrise Construction.

Affirmed.